UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Scott Lundberg,

      Plaintiff,

v.                                                                                                      Case No. 19-cv-2112 (JNE/LIB)
                                                                                            ORDER

Sid Harvey Industries, Inc.,

      Defendant.

      Scott Lundberg brought this action against his former employer, Sid Harvey Industries, for failing to pay him overtime as required by the Fair Labor Standards Act ("FLSA"), the Minnesota Fair Labor Standards Act, and his employment agreement. Mr. Lundberg alleged that he is protected by the FLSA and that Sid Harvey owes him time-and-a-half for overtime hours worked during the past three years. The parties reached a settlement with a private mediator and have asked the Court to approve it. For the reasons discussed below, the Court approves the settlement but only to the extent it relates to Mr. Lundberg's FLSA wage and hour claim.

## BACKGROUND

      From August 2007 to May 2019, Mr. Lundberg worked as a manager at the Duluth, Minnesota, location of Sid Harvey Industries. Compl. ¶¶ 5–7. Sid Harvey distributes wholesale refrigeration, air conditioning, and heating equipment. Def.'s Countercl. ¶ 1. Mr. Lundberg was responsible for invoicing merchandise and fulfilling client orders. *Id.* ¶ 3; Pl.'s Answer to Countercl. ¶ 6. In May 2019, Sid Harvey terminated Mr. Lundberg's employment. Def.'s Countercl. ¶ 11. Seeking compensation for allegedly

unpaid overtime and accrued vacation and sick time, Mr. Lundberg sued Sid Harvey for violating the FLSA, Minnesota employment laws, and his employment contract. Compl. ¶¶ 20–43. Sid Harvey argued that Mr. Lundberg violated company policy by failing to obtain signatures on invoices and improperly issuing credits to customers. Def.'s Countercl. ¶ 5–7. Alleging that Mr. Lundberg stole company property, Sid Harvey countersued for fraud, unjust enrichment, and conversion. *Id.* ¶¶ 14–25.

Near the end of the discovery period, the parties engaged a private mediator and reached a confidential settlement.[1] In the settlement agreement, Sid Harvey agreed to pay Mr. Lundberg for his allegedly unpaid wages, liquidated damages, attorney fees, and costs. Settlement Agreement § 1. In exchange, Mr. Lundberg agreed to release all wage and hour claims against Sid Harvey. *Id.* § 5. Mr. Lundberg was represented by and consulted with counsel before agreeing to the settlement. *Id.* § 6.c.

## DISCUSSION

Litigants may agree to dismiss a civil case without court approval unless a federal statute requires otherwise. Fed. R. Civ. P. 41(a)(1)(A)(ii). The Supreme Court has interpreted the FLSA to prohibit the voluntary release of some FLSA claims without fair compensation. *See D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113–15 (1946); *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 704 (1945). Accordingly, the Eighth Circuit has assumed, without deciding, that district courts have authority under the FLSA to review

---

[1] The parties have filed the settlement agreement under seal. *See* ECF No. 24.

settlements for fairness. *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019).[2] However, courts may not review attorney fees paid in these settlements. *Id.*

Despite the lack of clarity around whether review is required, Courts in this district have evaluated FLSA settlements for fairness to provide certainty to the parties. *See, e.g.*, *Johnson v. Thomson Reuters*, Case No. 18-cv-0070 (PJS/HB), 2019 WL 1254565, at *2 (D. Minn. Mar. 19, 2019); *Stainbrook v. Minn. Dept. of Pub. Safety*, 239 F. Supp. 3d 1123, 1126 (D. Minn. 2017). A court reviewing an FLSA settlement must "ensure that there is a bona fide dispute under the FLSA and that the settlement 'is a fair and reasonable resolution of [that] bona fide dispute.'" *Johnson*, 2019 WL 1254565, at *2 (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982)).

**1. Bona Fide Dispute**

This case involves "a bona fide dispute" under the FLSA. *See Lynn's Food Stores Inc.*, 679 F.2d at 1354 (requiring that a settlement reflect a "compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute"). The FLSA claim raised by Mr. Lundberg is that Sid Harvey failed to compensate him for overtime worked, in violation of the FLSA. The parties dispute whether Mr. Lundberg

---

[2] There is a circuit split over whether Court approval is required for the voluntary dismissal of a claim for hours worked or wages owed. *Compare Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (requiring district court approval of FLSA settlements) *and Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982) (same) *with Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 253–54 (5th Cir. 2012) (finding an unapproved settlement agreement a valid waiver of FLSA claims). The Eighth Circuit has noted this split but has declined to decide the issue. *See Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019); *Melgar v. OK Foods*, 902 F.3d 775, 779 (8th Cir. 2018).

was covered by the FLSA and whether the overtime work he allegedly performed was compensable. *See* 29 U.S.C. §§ 207(a), 213(a)(1).

### 2. Fair and Reasonable

When determining if a settlement is "fair and reasonable," the Court should consider the "totality of the circumstances." *Carrillo v. Dandan Inc.*, 51 F. Supp. 3d 124, 133 (D.D.C. 2014). Relevant factors for consideration include: "(1) the stage of the litigation and the amount of discovery exchanged, (2) the experience of counsel, (3) the probability of the plaintiff's success on the merits, (4) any overreaching by the employer in the settlement negotiations, and (5) whether the settlement is the product of arm's length negotiations between represented parties based on the merits of the case." *Stainbrook*, 239 F. Supp. 3d at 1126.

The Court finds the settlement of the FLSA claim fair and reasonable. First, the parties have completed discovery so had a clear picture of the evidence available. *See* Joint Mem., at 2. Second, although the parties have not commented on the experience of the attorneys, Mr. Lundberg was represented by counsel throughout this litigation. Third, based on the representations of the parties, it appears that Mr. Lundberg, who has gathered evidence and evaluated the strength of his claims through this litigation, finds the settlement fair. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009) ("Short of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement."). Finally, the

4

involvement of a certified mediator suggests that the settlement was fairly reached through arm's-length negotiation.

The Court declines to review or assess any provision of the agreement other than the settlement payments exchanged for the release of the FLSA claim. *See, e.g.*, *Sims v. Goodwill Indus. of Ark., Inc.*, Case No. 4:19-cv-289-KGB, 2019 WL 5957177, at *2 (E.D. Ark. Nov. 12, 2019) (declining to review other aspects of a settlement involving FLSA claims); *Carrillo*, 51 F. Supp. 3d at 134 (same). The Eighth Circuit has held that because 29 U.S.C. § 216(b) treats the merits of an FLSA claim as distinct from attorneys' fees, "the amount the employer pays to the employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement." *Barbee*, 927 F.3d at 1027. Similarly, non-FLSA-related payments and collateral terms in a settlement agreement are unrelated to unpaid wages. Therefore, the Court expresses no opinion on any other terms of the settlement agreement.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The parties' Stipulated Motion for Approval of Settlement and Dismissal of Claims with Prejudice [ECF No. 16] is GRANTED.

2. Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 24, 2020

                                               s/ Joan N. Ericksen
                                               JOAN N. ERICKSEN
                                               United States District Judge